## Case No. 1,983.
### In re BROWN.
[19 N. B. R. 312.][1]
District Court, S. D. New York. Oct. 20, 1879.

BANKRUPTCY—VACATING DISCHARGE—LIMITATION.

The limitation contained in section 5120 [Rev. St.], in relation to proceedings to annul a discharge, is absolute, and the time begins to run from the date of the discharge, and not from the discovery of the fraud.

In bankruptcy.

Application to amend a discharge [of John D. Brown, a bankrupt. Denied.]

G. A. Seixas, for petitioner.

CHOATE, District Judge. This is an application to the court for an order that the bankrupt appear and answer the petition of a creditor for amending his discharge. It appears by the petition that the discharge was granted July 27, 1877, more than two years before the date of the petition. The grounds on which relief is sought are that the bankrupt wilfully swore falsely to his schedules as to his assets, and fraudulently concealed certain property belonging to him, and omitted them from his schedules; that the fraud had been concealed by the bankrupt, and only discovered within two years of the filing of this petition. Section 5120 of the Revised Statutes provided that "any creditor of a bankrupt, whose debt was proved or provable against the estate in bankruptcy, who desires to contest the validity of the discharge on the ground that it was fraudulently obtained, may at any time within two years after the date thereof apply to the court which granted it to amend the same."

It is insisted that this is to be construed like a statute of limitation, as being subject to the implied exception or condition that in case the cause of action is fraudulently concealed, the time of the accruing thereof shall be deemed to be the time of the discovery of the right to sue. It has been held that the two years' limitation from the time of

---

[1] [Reprinted by permission.]

the accruing of the cause of action, in case of suits by and against assignees in bankruptcy, is to be so construed. Bailey v. Glover [21 Wall. (88 U. S.) 342]; Nicholas v. Murray [Case No. 10,223]. In the case last cited it is intimated by Judge Deady that the same rule of construction would, he was inclined to think, be applied to this section. He did not, however, determine this question. In Pickett v. McGavick [Case No. 11,126], Judge Parker held that the limitation of two years was absolute, and not to be avoided by showing a fraudulent concealment of the grounds on which it was sought to annul the discharge. It appeals to me that the language used, "two years after the date thereof," is not capable of that enlargement by construction that has been found possible in statutes of limitation generally.

The words used are positive and explicit. They differ from the words usually defining a limitation of suits, and I think they were designedly used to fix an absolute period of time when the question of the validity of the discharge would be set at rest, and when the debtor and those again trading with him might safely treat his discharge from his old debts as final. It would greatly impair the advantages supposed to be given to the community by the bankrupt law in enabling a discharged bankrupt to enter into business free from his former embarrassments, if this limitation is not absolute, as it appears to be. In fact, as the only ground for annulling a discharge is that it was fraudulently obtained, and fraud is almost always secret and concealed from the party defrauded, this limitation is practically no limitation at all, if it is avoided by any creditor's discovery of the fraud at any time after the discharge. The statute was designed, even in cases of fraudulent concealment, to impose a certain diligence of investigation and discovery on creditors. Indeed, the statute, in terms, is limited to cases of secret or concealed fraud, since it expressly requires proof that the creditor applying had "no knowledge of the same until after the granting of the discharge." The minds of the framers of this section, therefore, were directly called to the fact that the discovery of the fraud might not be made till after the discharge, and the language used shows clearly that they did not intend to limit the time from that discovery, but from the date of the discharge. Order refused.